# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JOHN H. MOSLEY                                                                            PLAINTIFF
ADC #082039

V.                              No. 4:22-CV-480-BSM-JTR

DEXTER PAYNE, Director,
Arkansas Department of Correction;
MARSHALL REED, Chief Deputy Director
Arkansas Department of Correction;
LINDA LOUIS, Deputy Warden,
Wrightsville Unit;
DEANGILO EARL, Warden,
Wrightsville Unit;
GRAYSON, Business Office,
Arkansas Department of Correction                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

On May 23, 2022, Plaintiff John H. Mosley ("Mosley"), an inmate in the Wrightsville Unit of the Arkansas Division of Correction, filed a *pro se* § 1983 Complaint alleging Defendants violated his constitutional rights. *Doc. 2*. Before Mosley may proceed with this case, the Court must screen his claims.[1]

## II. Discussion

Mosley's only claim is that $50.00 was removed from his inmate account to fund the "Inmate Council" in December 2020 but, when the program was shut down, his $50.00 was never refunded. *Doc. 2 at 4*. He claims any of the Defendants had the ability to return his money. *Id. at 5*. To compensate him for his missing funds, Mosley seeks a refund of $50.00, his court costs and filing fees, and $10,000 in punitive damages. *Id. at 4*.

A prisoner cannot bring a § 1983 claim for the intentional or negligent loss of personal property, as long as the State provides a "post-deprivation remedy" to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533–36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). Arkansas provides such a post-deprivation remedy by allowing Mosley to file a claim for the loss of his personal property with the Arkansas Claims Commission. *See McClinton v. Arkansas Dept.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

*of Corr.*, 166 F. App'x 260, 260–61 (8th Cir. 2006); *Williams v. Campbell*, 25 F. App'x 477, 479 (8th Cir. 2001).

Because Mosley has an adequate post-deprivation remedy available to him under Arkansas law, he cannot, as a matter of law, maintain a due process claim against any of the Defendants for their alleged roles in failing to return his personal property. Accordingly, his claim should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mosley's Complaint be DISMISSED, WITHOUT PREJUDICE, for failure to state a claim.

2. This Dismissal count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY that an *in forma pauperis* appeal from the Order adopting this Recommendation would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

DATED this 7th day of July, 2022.

_____
UNITED STATES MAGISTRATE JUDGE